[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: HEARING IN DAMAGES
This matter appears as a hearing in damages arising out of plaintiff Chong Bok Park's claim against defendant Coastal Energy, Inc. for damages resulting from a catastrophic injury to Mr. Park's right eye. This action was originally brought against Coastal Energy, Hartford Structures, Inc., Kesco Manpower Company, TRC Environmental, Inc., and Trinity College. Plaintiff's claims against all defendants except Coastal Energy were previously resolved by settlement or withdrawal.
In an earlier proceeding this court granted the application of Coastal Energy's counsel, the Law Offices of George DuBorg, to withdraw as counsel. That motion was based on the undisputed representation that Coastal Energy's carrier, Commerce Industry Insurance Company had exhausted its contract of insurance with Coastal Energy as a result of a payment on another, unrelated claim. Accordingly, Commerce Industry declined to provide further representation to Coastal. Because Coastal Energy failed to obtain CT Page 6021 new counsel, it was previously defaulted for failure to appear at time of trial. This matter was then assigned for a hearing in damages.
At the May 4, 1998 hearing in damages plaintiff and his wife testified. Plaintiff also presented medical records concerning the injury to his eye; the video and stenographic deposition of his treating physician, Dr. Alexander Gaudio, an ophthalmologist specializing in vitreoretinal surgery, and a vocational assessment report.
Plaintiff's evidence demonstrates that he suffered a catastrophic injury to his right eye as a result of a work related accident. At the time of the accident Mr. Park was employed as an asbestos remover on a construction project at Trinity College in Hartford. While in the process of removing asbestos, a metal object, believed to be a screw, penetrated Mr. Park's right eye, perforating the retina and the macula. Despite multiple surgeries, Mr. Park suffered irreparable damage to the macula, rendering the right eye, in the expert opinion of Dr. Gaudio, "functionally nil." Dr. Gaudio testified in his deposition that Mr. Park is virtually blind in the right eye. Mr. Park has incurred $29,896 in medical bills for the treatment of his injury
In addition to the loss of sight in his right eye, Mr. Park is in constant discomfort because the eye gland no longer produces the tears necessary to lubricate the eye. Because of the constant dryness, alleviated only partially and temporarily by eye drops, Mr. Park suffers from a sensation described by Dr. Gaudio as akin to "having sand in the eye." Because this condition is exacerbated by dryness and dust in the air, Dr. Gaudio has advised Mr. Park that he can no longer continue to work as an asbestos remover. Based on this significant vocational limitation, plaintiff's vocational expert concludes in its report that Mr. Park will incur lost wages of $498,000 over his work career. Finding suitable other employment for Mr. Park is hampered by the fact that Korean is his first language. In order to improve his vocational opportunities, Mr. Park is attending school to learn English.
Mr. Park and his wife described in their testimony the substantial emotion impact the injury has had on Mr. Park. Because he is not presently working and contributing to the support of the family, he has profound feelings of inadequacy, worthlessness and depression. In Mr. Park's words, he "wants to die." The strain on Mr. and Mrs. Park and their marriage is evident. CT Page 6022
Based on the foregoing facts, judgment shall enter for the plaintiff against Coastal Energy, Inc. as follows:
ECONOMIC DAMAGES: $517, 898.89
 NON-ECONOMIC $275, 000.00 ----------- TOTAL $792, 898.89
SO ORDERED.
Robert L. Holzberg, J.